No. 26-2217

Iɴ Tʜᴇ

# United States Court of Appeals
### For the Seventh Circuit

---

**Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏғ Aᴍᴇʀɪᴄᴀ**,

*Plaintiff-Appellant*,

v.

**Wɪsᴄᴏɴsɪɴ Eʟᴇᴄᴛɪᴏɴs Cᴏᴍᴍɪssɪᴏɴ**, *et al.*,

*Defendants-Appellees*,

and

**Cᴏᴍᴍᴏɴ Cᴀᴜsᴇ**, *et al.*,

*Intervening Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Western District of Wisconsin, Case No. 3:25-cv-01036-jdp.
The Honorable James D. Peterson, Presiding.

---

**MOTION OF PROPOSED *AMICUS CURIAE* THE REPUBLICAN PARTY OF WISCONSIN FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF APPELLANT, THE UNITED STATES OF AMERICA, AND REVERSAL**

---

Nicholas J. Boerke
Cʜᴀʟᴍᴇʀs, Aᴅᴀᴍs, Bᴀᴄᴋᴇʀ & Wᴀʟʟᴇɴ, LLC
1045 W. Glen Oaks Ln, Suite 103
Mequon, WI 53092
(262) 698-6124
nboerke@chalmersadams.com

Counsel for *Amicus Curiae*
Republican Party of Wisconsin

## DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, the Republican Party of Wisconsin ("RPW") states as follows:

1.  RPW is a state political party. It is not a publicly held corporation, does not issue stock, has no parent corporation, and no publicly held corporation owns ten percent or more of any stock in it.

2. The name of the only law firm whose partner or associate has appeared for RPW in this case, or is expected to appear in this Court, is:

> CHALMERS, ADAMS, BACKER & WALLEN, LLC
> **Main Office:**
> 11770 Haynes Bridge Road, #205-415
> Alpharetta, GA 30009-1968
> (678) 582-8900
> **Wisconsin Office:**
> 1045 W. Glen Oaks Lane, Suite 103
> Mequon, WI 53092
> (262) 698-6124

3.  Pursuant to Rule 29(a)(4)(E), no party's counsel authored this brief in whole or in part; no party or party's counsel contributed money intended to fund preparing or submitting this brief; and no person other than amicus, its members, or its counsel contributed money intended to fund preparing or submitting this brief.

Dated: July 9, 2026

> /s/ *Nicholas J. Boerke*
> Nicholas J. Boerke
> Attorney for Proposed *Amicus Curiae*
> Republican Party of Wisconsin

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Pursuant to Rule 29(a) of the Federal Rules of Appellate Procedure, the Republican Party of Wisconsin ("RPW"), by its undersigned counsel, respectfully moves this Court for leave to file the accompanying brief as *amicus curiae* in support of Plaintiff-Appellant the United States of America and for reversal.

In support of this motion, RPW states as follows:

**Consent of the Parties**

1.      Counsel for RPW timely sought consent to the filing of the accompanying *amicus curiae* brief from counsel for all parties. Counsel for (a) Plaintiff-Appellant the United States of America; (b) Intervenor-Appellees Common Cause, Melissa Adams, Amanda Makulec, and Jaime Riefer; and (c) Intervenor-Appellees Wisconsin Alliance for Retired Americans and Forward Latino, **have consented**.  As of the filing of this motion, counsel for Defendants-Appellees Wisconsin Elections Commission ("WEC"), Meagan Wolfe, Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert Spindell, Jr., and Marge Bostelmann, have not responded. RPW submits this motion under Rule 29(a)(2).

**The Movant**

2.      RPW is one of two major political parties in the State of Wisconsin.  RPW has members in all seventy-two of Wisconsin's counties, who are qualified electors[1], who have voted in federal, state and local elections for partisan and non-partisan

---

[1] Pursuant to Wisconsin election law, Wis. Stats. § 6.02 *et seq.*, an "elector" is a legal term of art meaning an individual who is eligible and/or qualified to vote under Wisconsin law.

offices in past elections, and who intend to vote in future federal, state, and local elections within the state. RPW's membership includes state and federal legislators, county and municipal officials, and candidates for public office. RPW's members are legally registered Wisconsin electors whose ballots carry their intended weight only when the State's voter rolls are accurate and free of ineligible registrants.

### RPW's Interest in This Appeal

3. This appeal concerns whether the Attorney General may obtain Wisconsin's statewide voter registration list under Title III of the Civil Rights Act of 1960 to properly investigate Wisconsin's compliance with the list-maintenance requirements of HAVA. The district court held that the list is not a covered record and dismissed the case. RPW and its members have a direct and substantial interest in that question. Every unlawful ballot cast by an ineligible registrant—including a noncitizen—cancels or dilutes the lawful vote of an RPW member, an injury the Supreme Court has squarely recognized. *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 671-72 (2021) (fraudulent votes "dilute the right of citizens to cast ballots that carry appropriate weight").

4. RPW's interest is not abstract. Together with the concerns of its members, RPW has a strong interest in ensuring that current and future elections for federal offices, as well as state and local offices, are conducted fairly and in accordance with the law. RPW appeared as *amicus curiae* in the district court in this very case and has, for years, participated in Wisconsin's ongoing disputes over the WEC's failure to maintain accurate voter rolls. Restoring the integrity of Wisconsin's elections is of the utmost importance to RPW and its members.

2

5.     RPW has important and unique insights, knowledge, and perspectives regarding the issues before this Court, including why the proper maintenance of voter registration lists is necessary to protect the voting rights of all Americans, including its members, and to ensure only individuals who are qualified electors may vote in Wisconsin's elections.  Further, RPW offers important insight into the recent actions of the Wisconsin Elections Commission and why the Attorney General's investigation is especially necessary in Wisconsin.

6.     Ideally positioned to offer the Court a Wisconsin-focused perspective grounded in the State's specific statutory and regulatory framework—RPW will provide material that the parties' briefs, which are appropriately focused on the federal statutory question, do not fully develop.

**The Proposed Brief Is Desirable and Relevant**

7.     An *amicus curiae* brief is desirable because it addresses matters not fully addressed by the parties. Fed. R. App. P. 29(a)(3)(B).  The United States' brief presents the controlling federal question—whether a statewide voter registration list is a "record[]" or "paper[]" under 52 U.S.C. §§ 20701 and 20703—as a matter of statutory text.  RPW's brief supplements that analysis in two respects the parties do not fully develop.

8.     First, RPW explains how the information in a Wisconsin voter registration list originates.  Every substantive field in the list—name, address, date of birth, driver's license number, and the applicant's sworn attestation of citizenship—comes directly from the individual voter on a registration application the voter submits and swears to.  The statewide list is nothing more than the required

3

compilation of records that first "come into" the possession of Wisconsin's election officials from the voters themselves. This mechanical reality refutes the district court's premise that the list is a purely "self-generated" state document outside Title III.

9. Second, RPW brings to the Court Wisconsin's distinct statutory, regulatory, and factual context, which makes the Attorney General's investigation not merely permissible but necessary. Wisconsin's Constitution now provides that **only** United States citizens may vote, Wis. Const. art. III, § 1; under Wisconsin law WEC bears a plain and positive duty to verify citizenship and to determine whether noncitizens appear on the rolls; and WEC, as well as clerks across the State, have consistently abandoned their list-maintenance practices and resisted efforts to identify and remove ineligible registrants. This record illuminates why the voter registration records the Attorney General seeks are essential and that the only reason for obstructing the Attorney General's investigation is that they fear what it will discover.

10. RPW has endeavored to avoid duplicating the parties' arguments and instead to supply limited but targeted Wisconsin-specific analysis. The accompanying brief will assist the Court's proper resolution of the appeal—reversal of the district court's decision.

WHEREFORE, the Republican Party of Wisconsin respectfully requests that this Court grant leave to file the accompanying brief as *amicus curiae* in support of the United States of America and reversal.

Dated: July 9, 2026

Respectfully submitted,

/s/ *Nicholas J. Boerke*
Nicholas J. Boerke
CHALMERS, ADAMS, BACKER & WALLEN, LLC
1045 W. Glen Oaks Ln, Ste. 103
Mequon, WI 53092
(262) 698-6124

Attorney for Proposed *Amicus Curiae*
Republican Party of Wisconsin

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2) and 29(a)(5) because, excluding the parts of the document exempted by Rule 32(f), this motion contains 1,002 words, as counted by the word-processing system used to prepare it. This motion complies with the typeface and type-style requirements of Rule 32(a)(5) and (a)(6), as modified by Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Schoolbook.

/s/ *Nicholas J. Boerke*
Nicholas J. Boerke, Esq.
CHALMERS, ADAMS, BACKER & WALLEN, LLC
Counsel for *Amicus Curiae*
Republican Party of Wisconsin

## CERTIFICATE OF SERVICE

I certify that on July 9, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ *Nicholas J. Boerke*
Nicholas J. Boerke, Esq.
CHALMERS, ADAMS, BACKER & WALLEN, LLC
Counsel for *Amicus Curiae*
Republican Party of Wisconsin