ELIAS LAW GROUP

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

August 20, 2026

**VIA ELECTRONIC FILING**

Christopher G. Conway, Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604

**Re: Rule 28(j) Letter Submitted in *United States v. Wisconsin Elections Commission, et al.* (Appeal No. 26-2217)**

Dear Mr. Conway:

Pursuant to Rule 28(j) and Circuit Rule 28(e), Intervenors-Defendants-Appellees Wisconsin Alliance for Retired Americans and Forward Latino (together, the "WARA Intervenors") advise the Court of a decision affirming Wisconsin's exemption from the National Voter Registration Act ("NVRA") and rejecting a demand for Wisconsin's unredacted statewide voter registration list ("SVRL") under the NVRA. *Public Interest Legal Foundation, Inc. v. Wolfe*, No. 24-3258, 2026 WL 2425386 (7th Cir. Aug. 19, 2026) ("*PILF*"). *PILF* supports WARA Intervenors' arguments that DOJ's purported purpose for seeking Wisconsin's SVRL under the Civil Rights Act of 1960 ("CRA")—to assess Wisconsin's compliance with federal list maintenance obligations—is impermissible, because Wisconsin is exempt from those obligations, *see* WARA Br. 35-43, and that federal law does not preempt Wisconsin's

privacy laws preventing disclosure of sensitive voter information in the SVRL, *id*. at 46.

First, the Court confirmed that because Wisconsin has permitted same-day voter registration since August 1, 1994, it is "exempt" from the NVRA, *PILF,* 2026 WL 2425386, at *1-2, and the Court rejected a constitutional challenge to that exemption, *id*., at *5; *see* WARA Br. 7 (citing district court decision affirmed by the Court). This supports WARA Intervenors' argument that Wisconsin is also exempt from the Help America Vote Act's ("HAVA") list maintenance obligations, rendering improper DOJ's stated purpose of assessing Wisconsin's compliance with those obligations. *See* WARA Br. 35-36; *see also* 52 U.S.C. § 21083(a)(2)(A)(iii) (providing that States exempt from the NVRA need only conduct list maintenance "in accordance with State law").

Second, the Court observed "Wisconsin law protects the confidentiality" of sensitive voter information, such as voters' dates of birth. *PILF,* 2026 WL 2425386, at *2. And Chief Judge Brennan explained in a concurring opinion that "no appellate court has held that the [NVRA] requires states to disclose certain kinds of sensitive information about voters...." *Id.* at *8 (Brennan, C.J., concurring). This supports WARA Intervenors' argument that, just as nothing in the NVRA preempts any States' voter privacy laws, the CRA similarly does not preempt Wisconsin's law barring the disclosure of the information DOJ demands. *See* WARA Br. 46.

Respectfully submitted,

/s/ *David R. Fox*
David R. Fox
Branden D. Lewiston
Kevin R. Kowalewski
Desiree M. Pelletier
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Ste. 400
Washington, DC 20001
Tel.: (202) 948-1135
dfox@elias.law
blewiston@elias.law
kkowalewski@elias.law
dpelletier@elias.law

*Counsel for Intervenors-Defendants-Appellees*
*Wisconsin Alliance for Retired Americans and Forward Latino*

cc: All counsel of record (via electronic filing)

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28(e).

/s/ *David R. Fox*
David R. Fox